EASTERN DIST.
*March*, 1840.

CARMENA
*vs.*
MIX.

CARMENA *vs.* MIX.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND DISTRICT PRESIDING.

As soon as the ten days allowed for delay expire, after service of citation, if the court is in session, the plaintiff may take judgment by default, if there is no answer filed. See 13 *Louisiana Reports*, 471.

Where an endorser, at the maturity of the note, writes on the back of it, " I hereby waive the formality of protest and hold myself equally bound," he will not be entitled to any further notice of its dishonor.

This is an action against the endorser of a promissory note. Service of citation was made on the defendant personally, 21st May, 1839.

On the opening of court, at the June term following the commencement of suit, the plaintiff took a judgment by default. The defendant's counsel insisted that no default could be taken until the second day of the term, and moved to set it aside, and urged that no further proceedings could be

EASTERN DIST.
March, 1840.

MUNICIPALITY
NO. TWO
vs.
GRONING ET AL.

had at the present term. The court overruled the motion, and on answer filed, the cause was immediately taken up for trial.

The note sued on was produced in evidence, with the defendant's endorsement admitted, and on which he had written that he waived the formality of a protest, the very day the note became due. There was judgment for the amount of the note; and the defendant appealed.

*Weems* and *Dalton*, for the plaintiff.

*Stevens*, contra.

*Bullard, J.*, delivered the opinion of the court.

The endorser of a promissory note is appellant from a judgment against him, and contends that the court erred in permitting a judgment by default to be taken, as the time allowed for answering did not expire until after the second day of the term. We have recently had occasion to express our opinion on this point. See *Maurin et al. vs. Dashiell*, 13 *Louisiana Reports*, 471. The default was well taken.

On the merits, it appears that the defendant, at the maturity of the note, wrote upon it, "I hereby waive the formality of protest and hold myself equally bound." He was not in our opinion entitled to any further notice of the dishonor of the note.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.