## No. 1046.—J. D. O'LEARY v. MARTIN, COBB & CO.

A waiver of protest and notice by an indorser, made at the place of payment, at the moment of maturity, will dispense with proof of other demand.

Where a promissory note is indorsed in blank by a firm name, and a waiver of protest and notice is signed by the same firm, but in a different hand-writing from that of the original indorsement, and the note, indorsement and waiver are all offered and received in evidence without objection, the presumption is that the waiver was written by another member of the firm from that of the indorsement, and the signature will be considered proved.

Where the name of the holder of a promissory note appears as first indorser he will be presumed to be a surety with the maker. This presumption may however be rebutted by proof.

APPEAL from the Fourth District Court of New Orleans. *Théard, J. Hynes, Gordon & Bemiss*, for plaintiff and appellee. *Harrison & Hunton*, for defendants and appellants.

HOWE, J. The plaintiff sues as owner and holder of two promissory notes made and indorsed as follows:

"VICKSBURG, MISS., January 28, 1861.

"$1137 39.

"Nine months after date, I promise to pay to the order of Messrs. Cobb, Manlove & Co., at the office of Messrs. Martin, Cobb & Co., New Orleans, eleven hundred and thirty-seven dollars and thirty-nine cents, for value received, with interest at the rate of eight per cent. per annum after maturity until paid.

"JAMES P. PORTER."

[Indorsed]

"JAMES D. O'LEARY.

"COBB, MANLOVE & CO.

"MARTIN, COBB & CO.

"We waive protest and notice of same on this October 31, 1861.

MARTIN, COBB & CO."

"RICHMOND, MADISON PARISH, LA., October 17, 1861.

"$4521 94.

"Sixty days after date I promise to pay to the order of Martin, Cobb & Co., *at their counting room in New Orleans, Louisiana,* forty-five hundred and twenty-one dollars and ninety-four cents, for value received, with interest at the rate of eight per cent. per annum after maturity until paid.

"D. M. DANCY."

[Indorsed]

"JAMES D. O'LEARY."

"NEW ORLEANS, December 19, 1861.

"We waive protest and notice of protest as indorsers.

"MARTIN, COBB & CO."

The plaintiff seeks to hold the defendants, Martin, Cobb & Co., liable as indorsers.

It will be observed that the notes are payable at the counting room of these indorsers, and on the day of maturity of each respectively, protest and notice of protest were waived by these indorsers.

It will be presumed that these acts of waiver by the firm were done at their counting room. It would seem to result as a logical sequence that the notes must have been presented there at maturity and payment demanded, and, there being no funds of the makers, the waivers were accordingly made. The case is even stronger than Carmena *v.* Mix, 15 La. 165, and Marsh *v.* Waterman, lately decided, 21 An. p. 377. We must conclude therefore that these waivers, made at the place of payment, at the moment of maturity, by the firm whose counting room was the place of payment, dispensed with proof of other demand. Notice is especially waived.

It is contended by defendants that inasmuch as it is admitted on argument before this court that the waiver written over the indorsement on the second note is in a different handwriting from the signature, the waiver remains unproved. The waiver is made part of the petition—it was offered in evidence without objection—the defendants do not allege error or fraud; and after it was in evidence a witness proved that the notes were presented to one of the defendants' firm

who admitted the genuineness of the indorsements. Under such circumstances we think it rational to conclude that the waiver was written by one of the partners over the signature by another which had previously been placed on the note.

A more serious question is presented by the fact that the plaintiff's name appears first on the list of indorsers on this paper. So appearing, above the payees, he would be presumed to be a surety with the maker, and to have no right of action except against the maker. The force of this presumption is considerably weakened, however, by the testimony on the part of plaintiff, that his agent presented the notes before suit to one of the defendants' firm, and that negotiations for a settlement were entered upon although never completed.

Under such circumstances justice requires that the case should be remanded that the position of plaintiff's indorsement may be explained.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, and that the case be remanded to be proceeded with according to law, and that the appellee pay costs of appeal.